UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

UNITED STATES OF AMERICA

        - v. -

ORLANDO WONG,

        Defendant.

------------------------------------- x

CONSENT PRELIMINARY ORDER OF FORFEITURE/ MONEY JUDGMENT

S5 23 Cr. 133 (JMF)

WHEREAS, on or about March 13, 2023, ORLANDO WONG (the "Defendant"), was charged in a three-count Superseding Information, S5 23 Cr. 133 (JMF) (the "Information"), with conspiracy to commit wire fraud and honest services wire fraud in violation of Title 18, United States Code, Section 1349 (Count One); wire fraud in violation of Title 18, United States Code, Sections 1343 and 2 (Count Two); and conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Three);

WHEREAS, the Information included a forfeiture allegation as to Counts One and Two of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information;

WHEREAS, the Information included a forfeiture allegation as to Count Three of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offense charged in Count Three of the Information, or any property traceable to such property, including but not

limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count Three of the Information;

WHEREAS, on or about January 4, 2024, the Defendant pled guilty to Counts One through Three of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One and Two of the Information and agreed to forfeit, (i) pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), a sum of money in United States currency representing proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information; and (ii) pursuant to Title 18, United States Code, Section 982(a)(1), a sum of money in United States currency, representing property involved in the offense charged in Count Three of the Information;

WHEREAS, the Defendant admits the forfeiture allegations in Counts One through Three of the Indictment and consents to the entry of a money judgment in the amount of $560,180 in United States currency representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Information that the Defendant personally obtained and property involved in in the offense charged in Count Three of the Information, for which the Defendant is jointly and severally liable with (i) his co-defendants, Lars Winkelbauer, Carlton Llewellyn, and Abilash Kurien (collectively, the "Co-defendants"), and the forfeiture money judgments entered against the Co-defendants in this case; and (ii) the forfeiture money judgment entered against his co-conspirator, Frank Filimaua (the "Co-conspirator"), in *United States v. Filimaua, et al.*, 22 Cr. 261 (JMF);

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One and Two of the

Information that the Defendant personally obtained and property involved in the offense charged in Count Three of the Information, cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney Kevin Mead, of counsel, and the Defendant and his counsel, David Wikstrom, Esq., that:

1. As a result of the offenses charged in Counts One through Three of the Information, to which the Defendant pled guilty, a money judgment in the amount of $560,180 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Information that the Defendant personally obtained and property involved in the offense charged in Count Three of the Information, for which the Defendant is jointly and severally liable with his Co-defendants, and the forfeiture money judgments entered against the Co-defendants in this case; and his Co-conspirator, and the forfeiture money judgments entered against his Co-conspirator, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant ORLANDO WONG, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

4.  The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.  Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6.  Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7.  The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8.  The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: /s/ Kevin Mead
Kevin Mead
Assistant United States Attorney
26 Federal Plaza
New York, NY 10278
(212) 637-2211

10/20/2025
DATE

ORLANDO WONG

By: [signature]
Orlando Wong

03rd Nov 2025
DATE

By: [signature]
David Wikstrom, Esq.
Attorney for Defendant
250 W. 55th Street 7th Floor
New York, NY 10019

Nov. 3, 2025
DATE

SO ORDERED:

[signature]
HONORABLE JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE

11/6/25
DATE